UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2265** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (6)** |

### ORDER AND REASONS

Michael Washington, who is serving a life sentence for manslaughter, filed this application for a writ of *habeas corpus* under 28 U.S.C. § 2254. Washington has objected to the Report and Recommendation of the magistrate judge (Document 9), which recommended that the court dismiss Washington's application with prejudice. The court overrules Washington's objections and adopts the magistrate judge's Report and Recommendation as its opinion. Accordingly, **IT IS ORDERED** that Washington's §2254 application is **DISMISSED WITH PREJUDICE**.

A.	**Excessive sentence.**

Washington argues that his life sentence is unconstitutionally excessive under the Eighth Amendment because it is disproportionate to his crime. "Strict proportionality between the

1

crime and sentence is unnecessary" under the Eight Amendment. *Austin v. Johnson*, 328 F.3d 204, 209 (5th Cir. 2003). The Fifth Circuit has recognized that only if a sentence is "'grossly disproportionate' to the offense may we proceed to consider whether it offends the Eighth Amendment." *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997), *cert. denied*, 522 U.S. 1063, 118 S.Ct. 726, 139 L.Ed.2d 664 (1998). *Gonzales* analyzed the Supreme Court's decision in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), in which the Court held that it was constitutional for a defendant to receive a sentence of life imprisonment under a state recidivist statute for obtaining $120.75 by false pretenses. *Rummel* provides a "benchmark," and represents a "litmus test for claims of disproportionate punishment." *Gonzales*, 121 F.3d at 943.

The record reflects that on December 23, 1993, Washington and Willie J. Crosby, a 64-year old man, were involved in an argument. The two men began to scuffle, and Crosby fell or was pushed to the ground. Washington then climbed on top of Crosby, hit him approximately 15 to 20 times in the face, got up, and kicked Crosby in the head before leaving the scene. Crosby died from his injuries a month later. Washington was convicted of manslaughter, and received a sentence of life imprisonment following an adjudication that he was a fourth felony offender. Both Washington and the *Rummel* defendant received sentences of life imprisonment, and the court finds that Washington's offense of conviction is far more serious than that of the *Rummel* defendant. Accordingly, applying the *Rummel* "litmus test," the court adopts the magistrate judge's conclusion that Washington's sentence is not constitutionally infirm.

**B.     Testimony of Dr. John Otten.**

Washington argues that his trial was unconstitutionally unfair because the trial court erred in allowing Dr. John Otten to testify that the beating Washington gave to Crosby caused or contributed to Crosby's death. Although Washington argues that Dr. Otten was not qualified to give such an opinion, as the magistrate judge found, the record reflects that Dr. Otten was a licensed physician who received his medical degree in 1992. Additionally, Dr. Otten's testimony was cumulative to that of Dr. Lee Domangue and Dr. Richard Tracy, both of whom testified that Washington's beating contributed to Crosby's death. The court adopts the finding of the magistrate judge that the admission of Dr. Otten's testimony did not deprive Washington of a fundamentally fair trial.

**C.     Voir Dire.**

Washington argues that his jury was not impartial because the trial court improperly excused for cause prospective juror Betty Edwards. Washington provides no new arguments in support of his objection, and the court adopts the finding of the magistrate judge that Washington's right to a fair and impartial jury was not violated.

**D.     Exclusion of jurors due to race.**

Washington argues that the state struck black jurors from his jury venire due to their race. in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Washington provides no new arguments on this issue, and the record does not support his claim that the state struck jurors from the venire due to their race. For the reasons assigned by the magistrate judge, the court finds that the state's actions did not violate *Batson*.

E. **Ineffective assistance of counsel.**

Washington argues that his trial counsel was constitutionally ineffective under *Stickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in (1) failing to obtain Crosby's medical records, (2) failing to discover Crosby's arrest and conviction history, (3) failing to object to the challenge the method of selecting his petit jury, (4) failing to preserve these errors for appeal, (5) failing to object to the expert qualifications of Dr. Rodney Huddleston and Dr. Lee Domangue, and (6) failing to ask questions necessary to expose prejudice. Washington provides no new arguments to support his claim. For the reasons assigned by the magistrate judge, the court finds that Washington's counsel was not consitutionally ineffective under *Strickland*.

F. **Conflict of interest.**

Washington argues that his trial counsel had a conflict of interest which affected her trial strategy and denied him a fair trial in violation of the Sixth and Fourteenth Amendments. Washington provides no new arguments to support his claim. For the reasons assigned by the magistrate judge, the court finds that Washington's disagreement with his trial counsel's strategy did not deprive him of a fair trial.

G. **Conclusion.**

Washington's petition for habeas corpus relief under 28 U.S.C. § 2254 is dismissed with prejudice.

New Orleans, Louisiana this  17th  day of May, 2006.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**